# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CONSULNET COMPUTING, INC.,
d/b/a SUCCESS WEBSITE,

          Plaintiff

   v.

MEGEL DAVID MOORE, et al.,

          Defendants

CIVIL ACTION

No. 04-3485

## MEMORANDUM/ORDER

March 8, 2007,

Before the court are a Motion to Dismiss or, in the Alternative, to Strike Counts Three Through Five of the Amended Counterclaim ("Motion to Dismiss," Docket No. 72, filed April 7, 2006) filed by counterclaim defendant Consulnet Computing ("Consulnet"), a brief in opposition to the motion to dismiss (Docket No. 77, filed April 28, 2006) filed by counterclaim plaintiffs Megel David Moore ("Moore") and Dynamic Investment Group ("DIG"), and Consulnet's reply brief (Docket No. 78, filed May 5, 2006).  The motion to dismiss argues, in the alternative, that counts three, four and five of the amended counterclaim should be (a) dismissed for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), or (b) stricken pursuant to Rule 15(d).

In addition to the above-named filings, several subsequent filings are also relevant

to the disposition of Consulnet's motion to dismiss:

• On May 10, 2006, Consulnet filed a stipulation (Docket No. 79), signed by counsel for all necessary parties, voluntarily dismissing count three of the amended counterclaim, pursuant to Federal Rule of Civil Procedure 41(a)(1);

• On Feb. 28, 2007, Consulnet, Moore and DIG jointly filed a stipulation (Docket No. 97), signed by counsel for all necessary parties, voluntarily dismissing counts two and five of the amended counterclaim, pursuant to Federal Rule of Civil Procedure 41(a)(1);

• On Jan. 25, 2007, Consulnet filed Counterclaim Defendant's Motion for Summary Judgment (Docket No. 90, filed under seal), seeking an entry of judgment for Consulnet on all counts of the amended counterclaim; Moore and DIG filed a brief in opposition thereto on March 3, 2007 (Docket No. 99, filed under seal).

For the reasons set forth below, I find that Consulnet's motion to dismiss pursuant to Rule 12(b)(6) is mooted by these subsequent filings.  As to Consulnet's alternative argument that the amended counterclaim should be stricken pursuant to Rule 15(d), I find that the motion is mooted in part and lacks merit as to the parts not mooted.  Therefore, Consulnet's motion to dismiss the amended counterclaim will be denied.

**The 12(b)(6) motion to dismiss**

As to counts three and five of the amended counterclaim, the motion to dismiss is mooted by the voluntary dismissal of those claims.  As to count four of the amended counterclaim, the motion to dismiss has been superseded by Consulnet's subsequent motion for summary judgment and is therefore also moot.

I note, in further support of this result as to count four, that the parties argued "matters outside the pleading," including deposition testimony, in their briefs concerning

the motion to dismiss, and that, were the motion to be addressed on the merits, the

appropriate course would appear to be to treat the motion to dismiss "as one for summary

judgment and dispose of [it] as provided in Rule 56." Fed. R. Civ. P. 12(b).  Such a

conversion of the motion to one for summary judgment would require according "all

parties . . . reasonable opportunity to present all material made pertinent to such a motion

by Rule 56." *Id.*  However, since such a Rule 56 summary judgment motion is already

before the court, the court's resources will be used most efficiently by denying the motion

as moot and considering all arguments concerning the amended counterclaim in a

consolidated fashion pursuant to the Consulnet's motion for summary judgment.

**The motion to strike under Rule 15(d)**

Because the amended counterclaim is based in part on occurrences and events that

transpired after the filing of the original counterclaim on October 15, 2004 (*see* Docket

No. 18), Consulnet is correct in asserting that the amended counterclaim constituted a

supplemental pleading under Federal Rule of Federal Procedure 15(d) and that Moore and

DIG were therefore required to seek permission of the court before filing the amended

counterclaim.[1]  However, a district court may, in its discretion, treat a pleading that has

been mislabeled as an amendment as if it had been presented to the court on a motion to

---

[1] *See* Fed. R. Civ. P. 15(d) (providing in part that "*[u]pon motion of a party* the
court may . . . permit the party to serve a supplemental pleading setting forth transactions
or occurrences or events which have happened since the date of the pleading sought to be
supplemented" (emphasis added)); *cf.* Fed. R. Civ. P. 15(a) (providing that, under certain
circumstances, "[a] party may amend the party's pleading once *as a matter of course*"
(emphasis added)).

serve a supplemental pleading under Rule 15(d). *See* 6A Charles Alan Wright et al., *Federal Practice and Procedure* § 1504 at 186 (2d ed. 1990) (noting that a "mo[tion] to strike a mislabeled pleading . . . [has] the practical effect of bringing the question of its propriety before the court as if it had been raised on a motion under Rule 15(d)"); *see also Ne. Women's Ctr., Inc. v. McMonagle*, No. 85-4845, 1986 WL 1205, at *1 (E.D. Pa. 1986) (not published) (quoting earlier edition of Wright, *supra*) (treating amended complaint as motion to serve a supplemental pleading).  Because the mislabeling of the amended counterclaim as a 15(a) amendment rather than a 15(d) supplemental pleading cannot be thought to have resulted in any prejudice to Consulnet, I will treat the amended counterclaim "as if it had been raised on a motion under Rule 15(d)." *See* Wright, cited *supra*.

Treating the amended counterclaim as a motion for leave to serve a supplemental pleading, I find that such leave should be granted.  "An application for leave to file a supplemental pleading[,] like an application for leave to amend a complaint[,] . . . should be freely granted when doing so will promote the justiciable disposition of the case, will not cause undue prejudice or delay or trial inconvenience and will not prejudice the rights of any parties to the action." *Bates v. Western Elec.*, 420 F. Supp. 521, 525 (E.D. Pa. 1976).  Consulnet has not alleged any prejudice that would arise from the granting of leave to serve a supplemental pleading, and I do not find any circumstances in this case which would suggest such prejudice or otherwise justify denying a Rule 15(d) motion to

serve a supplemental pleading.  *Cf. Coventry v. U.S. Steel Corp.*, 856 F.2d 514, 519 (3d

Cir. 1988) ("Among the reasons . . . sufficient to support a denial of a motion to amend

[a]re 'undue delay, bad faith or dilatory motive . . ., undue prejudice to the opposing party

. . ., [or the] futility of the amendments.'" (quoting *Foman v. Davis*, 371 U.S. 178, 182

(1962))).   Therefore, in the accompanying Order, I will grant leave, *nunc pro tunc*, for

Moore and DIG to file a supplemental pleading under Rule 15(d), deny Consulnet's

motion to strike count four of the amended counterclaim, and deny the balance of

Consulnet's motion to dismiss as moot.

## ORDER

AND NOW, this 8th day of March, 2007, upon consideration of counterclaim

defendant Consulnet Computing's Motion to Dismiss or, in the Alternative, to Strike

Counts Three Through Five of the Amended Counterclaim (Docket No. 72), the brief in

opposition thereto by counterclaim plaintiffs Megel David Moore and Dynamic

Investment Group (Docket No. 78), and Consulnet Computing's reply (Docket No. 79),

as well as the subsequent filings in this case, and for the reasons stated in the

accompanying Memorandum,  IT IS ORDERED that:

1. The court considers the amended counterclaim filed by Moore and DIG
   (Docket No. 56) as a request for leave to file a supplemental pleading under
   Federal Rule of Civil Procedure 15(d) and GRANTS the requested LEAVE
   *nunc pro tunc*;

2.    Counts three and five of the amended counterclaim having been voluntarily dismissed by the parties pursuant to Federal Rule of Civil Procedure 41(a), Consulnet Computing's motion to dismiss or, in the alternative, to strike counts three and five of the amended counterclaim is DENIED as MOOT;

3.    Consulnet having filed Counterclaim Defendant's Motion for Summary Judgment (Docket No. 90, filed under seal), seeking summary judgment as to count four of the amended counterclaim, Consulnet's motion to dismiss count four of the amended counterclaim is SUPERSEDED and is therefore DENIED as MOOT;

4.    Consulnet's motion to strike count four of the amended counterclaim is DENIED.

BY THE COURT:

/s/ Louis H. Pollak
_____
Pollak, J.