**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| CONSULNET COMPUTING, INC., d/b/a SUCCESSWEBSITE, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION NO. 04-CV-3485 |
| | : | |
| v. | : | |
| | : | |
| MEGEL DAVID MOORE, et al. | : | JURY TRIAL DEMANDED |
| | : | |
| Defendants. | : | |

**MOTION *IN LIMINE* OF DEFENDANTS TO PRECLUDE
THE ADMISSION OR USE OF THE LATE SUBMITTED
EXPERT REPORT OF MICHAEL DEALE**

Defendants Megel David Moore ("Moore") and Dynamic Investment Group

(collectively "DIG" or "defendants"), by and through their undersigned counsel, hereby move for

an order that precludes plaintiff Consulnet Computing, Inc.'s ("Consulnet" or "plaintiff") from

referencing, using, or admitting into evidence, the late submitted expert report of Michael Deale.

In support of this motion, DIG presents the following argument.  A proposed form of Order is

provided with this motion.

**I.      Relevant Factual Background**

On July 17, 2006, Consulnet and DIG stipulated and agreed, and the Court

ordered that plaintiff's expert reports were to be submitted on or before August 11, 2006.

Consulnet submitted three expert reports on August 11, 2006, including the report of John

Hokkanen, Michael Deale, and Wayne Hoeberlein.

Thereafter the parties scheduled and conducted depositions of each of their respective experts in November and December 2006.  Of significance for this motion, on November 28, 2006, DIG conducted the deposition of Michael Deale relating to his August 11, 2006 expert report and the basis of his analyses and opinions presented in that report.

A critical and specific area that Mr. Deale was questioned about, and which he plainly and emphatically testified was that after his complete review and analysis of certain websites at issue, he identified only two lines of code within an DIG website that apparently were copied from a Consulnet website.  More specifically, Mr. Deale testified:

Q.     Did that show up – that – the code show up, what's shown on Figure 2, in any other portions of BradBuzby.com?  From what I'm looking at, focusing on the May 30 version of BradBuzby.com?

A.     <u>No.  This line of code appears in exactly one file and that is the file B1.php.htm.</u>

Q.     You testified earlier you looked through, I think you said, a half dozen or so files from – of BradBuzby.

A.     Correct.  I opened and looked at –

Q.     Code?

A.     -- via View Source, code technique, as we were describing, maybe a half-dozen of these files.

Q.     And you didn't see this in any one of those?

A.     No, I did not.

Q.     Do you know if it was in any of the other files from BradBuzby from May 30?

A.     I know that it was not in any of the other files.  I know it was not.

Q.     How do you know that?

A.      Because I did a search across all these files for the CraigProctor.com.

Q.      You searched for CraigProctor.com?

A.      That is correct.

Q.      <u>Did you search for anything else?</u>

A.      <u>I probably searched for a couple of dozen terms.</u>

Q.      And which ones?

A.      <u>It could have been even more.  You can safely assume that it was the names of</u>
<u>many of the different web sites of ConsulNet, and any term I could come up with while doing</u>
<u>searches that may or may not have been associated with ConsulNet to see if there were any other</u>
<u>artifacts indicating the copying of ConsulNet code.</u>

Q.      <u>And you found none?</u>

A.      <u>I did not.</u>

Q.      Did you search for trim.JS?

A.      I did.

Q.      Nothing there, either?

A.      That is correct.

(*See* Exh. A, Excerpt of 11.28.06 Dep. Transcript of M. Deale) (emphasis added).

Mr. Deale's timely report of August 11, 2006, and his deposition testimony relating to
that report, as well as his underlying analysis were complete and emphatic.  With respect to his
analysis and review into whether other Consulnet code was allegedly copied by DIG, he
specifically testified that he looked for "any term I could come up with while doing searches that
may or may not have been associated with ConsulNet to see if there were *any other artifacts*

indicating the copying of ConsulNet code." (Emphasis added).  This is the information, evidence, and expert opinion that DIG reasonably relied upon.

Almost six weeks *after the deposition of Mr. Deale*, and almost *five months after the deadline for submitting expert reports*, Consulnet created a whole new report from Mr. Deale that attempts to recant critical section of his original report and is contradictory to his deposition testimony relating to that original timely report.  The late submission of a new Mr. Deale report is first, highly prejudicial to DIG, and second, is highly suspect given the original analysis, report, and testimony of Mr. Deale.  Accordingly, DIG moves the Court to preclude Consulnet's reference to, use of, or introduction into evidence of the late filed expert report of Mr. Deale.


## II.    Argument

### A.    The Legal Standard for Exclusion of Evidence

The standard for the consideration of a motion in limine provides that the Court should grant such motions if the Court finds that (a) the material or evidence will be inadmissible at trial under the Federal Rules of Evidence; or (b) the evidence, if offered or presented at trial, would unfairly prejudice the decision making and review undertaken by the jury.

Evidence, including proposed expert reports, may be excluded if it is untimely, unfairly prejudicial, or if such evidence is likely to confuse the issues or jury.  Fed.R.Civ.P. 37(c); Fed.R.Evid. 403.  With respect to Rule 403 analysis, the Court should "balance the genuine need for the challenged evidence against the risk that the information will confuse the jury and delay trial." *In re Paoli R.R. Yard PCB Litigation*, 113 F.3d 444, 453 (3d Cir. 1997) (citing *United States v. Sriyuth*, 98 F.3d 739, 747-48 (3d Cir. 1996).

**B.     The Late Submitted January 2007 Expert Report
         Of Mr. Deale Should Be Excluded From Evidence**

Consulnet provided timely three expert reports on August 11, 2006, including that

of Mr. Deale.  Thereafter, DIG submitted its rebuttal expert reports, including the report of Mr.

Patrick O'Leary relating to website code comparisons.  Consulnet and its experts had the

opportunity to review and analyze the rebuttal reports submitted by DIG.  At no time during this

process or review, did Consulnet request an extension of time to allow for further analysis of

discovery or evidence.  At no time after the submission of DIG's rebuttal expert reports did

Consulnet seek the opportunity to submit a reply or rebuttal expert report.  Indeed, it was not

until after the completion of expert depositions, and after the completion of discovery did

Consulnet then attempt to submit a whole new expert report of Mr. Deale.

As noted, the late submitted report is inconsistent with Mr. Deale's original timely

report and inconsistent with his deposition testimony that was elicited six weeks before the

creation of his new report.  This makes the late report by Mr. Deale suspect on its face.  In that

regard, Consulnet can not, as any justification for the late submission, claim that it and Mr. Deale

did not have access to all of the necessary evidence.  All evidence reviewed by Mr. Deale was

completely in the possession of Consulnet and Mr. Deale well before the August 11 deadline for

submission of expert analyses.  They just decided to wait until after the close of discovery and

after the completion of expert depositions to submit a new report.

The new report created by Mr. Deale and Consulnet well after the deadline for

submitted expert reports should be precluded from use or admission at trial.  To allow

Consulnet's use of the late submitted report of Mr. Deale is highly prejudicial to DIG, which

reasonably relied on the original timely submission and deposition testimony of Mr. Deale.

**III.**     **Conclusion**

        For the reasons set forth above, defendants DIG respectfully request that the Court enter an Order, in a form as attached to this Motion, precluding plaintiff Consulnet from referring to, using, or introducing into evidence at trial, the January 9, 2007, late submitted expert report of Michael Deale.


                               Respectfully submitted,


                               /s/  Kevin W. Goldstein
                               Kevin W. Goldstein
                               Brian P. Seaman
                               Stradley Ronon Stevens & Young, LLP
                               Great Valley Corporate Center
                               30 Valley Stream Parkway
                               Malvern, PA  19355-1481
                               (610) 640-5800


                               Attorneys for Defendants
                               Megel David Moore and
Dated:  March 25, 2008                  Dynamic Investment Group

# Exhibit A



1        IN THE UNITED STATES DISTRICT COURT
     FOR THE EASTERN DISTRICT OF PENNSYLVANIA
2                   -   -   -
3    CONSULNET COMPUTING    : CIVIL ACTION
     INC., d/b/a            : NO.04-CV-3485
4    SUCCESSWEBSITE,        :
                 Plaintiff  :
5                           :
          vs.               :
6                           :
     MEGEL DAVID MOORE,     :
7    et al,                 :
                 Defendant  :
8
9                   -   -   -
              November 28, 2006
10                  -   -   -
11              Oral deposition of MICHAEL
12   J. DEALE, was held at the Law Offices of
13   Stradley Ronon, 2600 One Commerce Square,
14   2005 Market Street, Philadelphia,
15   Pennsylvania, commencing at 10:10 a.m.,
16   on the above date, before Sheila G.
17   Malen, a Registered Professional Reporter
18   and Notary Public in and for the
19   Commonwealth of Pennsylvania.
20                  -   -   -
21
22        ESQUIRE DEPOSITION SERVICES
              Four Penn Center
23   1600 John F. Kennedy Boulevard, Ste. 1210
          Philadelphia, Pennsylvania 19103
24              (215) 988-9191

**2**

1  APPEARANCES:
2
       WOLF BLOCK
3      BY: DAVID E. LANDAU, ESQUIRE
       BY: MATTHEW R. VARZALLY, ESQ.
4      1650 Arch Street
       22nd Floor
5      Philadelphia, Pennsylvania
       19103-2097
6      (215) 977-2000
       dlandu@wolfblock.com
7      mvarzally@wolfblock.com
       Counsel for Plaintiff
8
       STRADLEY RONON
9      BY: KEVIN W. GOLDSTEIN, ESQUIRE
       Great Valley Corporate Center
10     30 Valley Stream Parkway
       Malvern, Pennsylvania 19355-1481
11     (610) 640-5800
       kgoldstein@stradley.com
12     Counsel for Defendants
13
   ALSO PRESENT:
14
       Patrick M. O'Leary
15
16
17
18
19
20
21
22
23
24

**3**

1            I N D E X
2     MICHAEL J. DEALE
3       BY: Mr. Goldstein          4
4
5
6
7          E X H I B I T S
8
9    NO.   DESCRIPTION          PAGE
10   Deale-1 Expert Report of      108
          Michael J. Deale
11
12   Raitt-2 Referred to         75
13
14
15
16
17
18
19
20
21
22
23
24

**4**

1            - - -
2           (It is hereby stipulated by
3    and between counsel that the
4    sealing, certification and all
5    objections except as to form are
6    hereby waived until the time of
7    trial.)
8            - - -
9           MICHAEL J. DEALE, after
10   having first been duly sworn, was
11   examined and testified as follows:
12
13           EXAMINATION
14           - - -
15   BY MR. GOLDSTEIN:
16      Q.   Good morning, Mr. Deale.
17   My name is Kevin Goldstein. I'm counsel
18   for defendants in this case, David Moore
19   and Dynamic Investment Group. We met
20   before. We're here today to take your
21   deposition.
22           Kind of by way of background
23   and just administrative issues, have you
24   had your deposition taken before?

**5**

1      A.   No.
2      Q.   This is your first
3    deposition?
4      A.   Yes.
5      Q.   Let me give you a couple of
6    instructions. I'm sure counsel has told
7    you something similar. I just want to
8    make sure we're getting down good
9    information and correct information.
10          The deposition, as you
11   probably know because you sat in on
12   Mr. Crosley's deposition, March, April, I
13   believe?
14     A.   Yes.
15     Q.   I forget.
16          It's a question and answer
17   period. I have a series of questions
18   I'll be asking you today, primarily about
19   your expert report, which was submitted
20   in this case, and you'll be giving me the
21   answers as best you can. If during the
22   deposition, some of my questioning, you
23   don't hear me, let me know. If I stumble
24   over words or if I use words that don't

154

1    trim.JS.
2        Q.   You have a copy of trim.JS
3    on Page 7; is that correct?
4        A.   That's correct.
5        Q.   You describe trim.JS as
6    being the function of removing leading
7    and trailing spaces. Actually, you say
8    the JavaScript provides three functions
9    to remove leading and trailing spaces.
10   What are the three functions it does?
11       A.   The three functions defined
12   on Figure -- in Figure -- as shown in
13   Figure 3, R trim, L trim, and trim.
14       Q.   And what does the R trim do?
15   The purpose here, it says remove trailing
16   blanks?
17       A.   Correct.  R stands for right
18   trim, which would be blanks from the end
19   of the string.
20       Q.   L trim does?
21       A.   Remove blanks from the
22   beginning of the string, left trim.
23       Q.   And the trim function at the
24   bottom?

155

1        A.   It removes spaces from the
2    front and the back of the string using
3    the implementations of R trim and L trim.
4        Q.   Is it used at all in
5    BradBuzby.com?
6        A.   No.
7        Q.   Did that show up -- that --
8    the code show up, what's shown on
9    Figure 2, in any other portions of
10   BradBuzby.com? From what I'm looking at,
11   focusing on the May 30 version of
12   BradBuzby.com?
13       A.   No. This line of code
14   appears in exactly one file and that is
15   the file B1.php.html.
16       Q.   You testified earlier you
17   looked through, I think you said, a half
18   dozen or so files from -- of BradBuzby.
19       A.   Correct.  I opened and
20   looked at --
21       Q.   Code?
22       A.   -- via View Source, code
23   technique, as we were describing, maybe a
24   half-dozen of these files.

156

1        Q.   And you didn't see this in
2    any one of those?
3        A.   No, I did not.
4        Q.   Do you know if it was in any
5    of the other files from BradBuzby from
6    May 30?
7        A.   I know that it was not in
8    any of the other files. I know it was
9    not.
10       Q.   How do you know that?
11       A.   Because I did a search
12   across all these files for the
13   CraigProctor.com.
14       Q.   You searched for
15   CraigProctor.com?
16       A.   That is correct.
17       Q.   Did you search for anything
18   else?
19       A.   I probably searched for a
20   couple of dozen terms.
21       Q.   And which ones?
22       A.   It could have been even
23   more.  You can safely assume that it was
24   the names of many of the different web

157

1    sites of ConsulNet, and any term I could
2    come up with while doing searches that
3    may or may not have been associated with
4    ConsulNet to see if there were any other
5    artifacts indicating the copying of
6    ConsulNet code.
7        Q.   And you found none?
8        A.   I did not.
9        Q.   Did you search for trim.JS?
10       A.   I did.
11       Q.   Nothing there, either?
12       A.   That is correct.
13       Q.   From your analysis, as I
14   understand it, that line of code has no
15   use within the BradBuzby code?
16       A.   That's correct.  As a matter
17   of fact, I specifically searched for L
18   trim, R trim and trim to see if that code
19   was used anywhere else.
20       Q.   In your analysis of the
21   BradBuzby Teleport Pro code -- web site
22   and code -- and I'll focus on Figure 2
23   for now, as I understand it, you don't
24   know if any of this code, or you don't

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

CONSULNET COMPUTING, INC.,
d/b/a SUCCESSWEBSITE,                       :
                                            :
                                            :
                  Plaintiff,                :       CIVIL ACTION NO. 04-CV-3485
                                            :
         v.                                 :
                                            :
MEGEL DAVID MOORE, et al.                   :       JURY TRIAL DEMANDED
                                            :
                  Defendants.               :
                                            :

## **ORDER**

AND NOW, this _____ day of _____, 2008, upon consideration of the

Motion *in Limine* of defendants to preclude plaintiff's reference to, use of, or admission into

evidence of the late submitted expert report of Michael Deale, the responsive brief of plaintiff

Consulnet, and any argument of counsel;

IT IS hereby ORDERED, ADJUDGED, and DECREED that defendants' Motion

is GRANTED.   Plaintiff Consulnet is hereby precluded from referencing, using, or otherwise

introducing into evidence at trial, the late submitted January 9, 2007 expert report of Michael

Deale.

_____
                                                                              J.

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on March 25, 2008, a true and correct copy

of the foregoing **Motion** *in Limine* **Of Defendants To Preclude The Admission Or Use Of**

**The Late Submitted Expert Report Of Michael Deale** was served upon the below noted

counsel of record via first-class mail, and was made available for viewing and copying through

the Court's ECF system.


David E. Landau, Esquire
Wolf Block Schorr and Solis-Cohen LLP
1650 Arch Street, 22nd Floor
Philadelphia, PA 19103
(counsel for plaintiff Consulnet Computing, Inc.)


Kevin W. Goldstein